IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sheila B.,[1] | ) Civil Action No.: 6:21-2992-BHH |
|            Plaintiff, | ) |
| v. | ) **ORDER** |
| Kilolo Kijakazi, | ) |
| Commissioner of Social Security, | ) |
|            Defendant. | ) |

This action is brought in accordance with 42 U.S.C. §§ 1383(c)(3) and 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied pro se Plaintiff Sheila B.'s ("Plaintiff") claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge concludes that the Commissioner's final decision is based upon substantial evidence and is free from legal error, and the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

## BACKGROUND

Plaintiff filed an application for SSI on October 21, 2014, alleging that she become unable to work on August 7, 2013. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). On April 11, 2017, an administrative hearing was held at which Plaintiff, appearing pro se, and an impartial vocational expert ("VE") appeared and testified. On November 1, 2017, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

On February 22, 2018, Plaintiff filed a pro se complaint seeking judicial review. The Magistrate Judge issued a Report on May 2, 2019, recommending that the Court reverse the Commissioner's initial decision and remand for further proceedings. The undersigned affirmed the Magistrate Judge's Report without objections in an order filed on May 14, 2019. *See* Civil Action No. 6:18-cv-515(BHH), 2019 WL 2106068 (D.S.C. May 14, 2019).

Upon remand, a second administrative hearing was held on November 12, 2019, as which Plaintiff, represented by counsel, and an impartial VE appeared and testified. On January 7, 2020, the ALJ considered the case de novo and found that Plaintiff was not under a disability. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 24, 2021. Plaintiff filed the instant action seeking judicial review on February 22, 2018. Because Plaintiff is proceeding pro se, the Magistrate Judge liberally construed her pleadings as

2

asserting the following allegations of error: (1) the ALJ erred by failing to properly explain the residual functional capacity findings ("RFC"); and (2) the ALJ erred by failing to provide a proper mental RFC.

## **STANDARDS OF REVIEW**

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final

decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

### I.     **The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the

>impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 21, 2014, the application date.  Next, the ALJ determined that Plaintiff has the following severe impairments: obesity, osteoarthritis/major joint dysfunction, chronic obstructive pulmonary disease, major depressive disorder, bilateral carpal tunnel syndrome, asthma, and fibromyalgia.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) with certain limitations, namely: no lifting, carrying, pushing, or pulling over 20 pounds occasionally and 10 pounds frequently; no sitting over six hours during an eight-hour workday; no standing and/or

walking over six hours during an eight-hour workday; no more than frequent bilateral handling and fingering objects; no more than occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, and crawling; no more than occasional work around hazards such as unprotected heights and moving machinery; no more than occasional work in humidity and wetness; no more than occasional exposure to dust, odors, fumes, and pulmonary irritants; and the ability to do work equivalent to level two reasoning development. The ALJ found that Plaintiff has no past relevant work. However, the ALJ found that claimant was a younger individual on the date the application was filed and that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. Thus, the ALJ found that Plaintiff has not been under a disability since October 21, 2014, the date the application was filed.

## II.     The Court's Review

Here, because Plaintiff is proceeding pro se, the Magistrate Judge liberally construed her pleadings as asserting the following allegations of error: (1) the ALJ erred by failing to properly explain the residual functional capacity findings ("RFC"); and (2) the ALJ erred by failing to provide a proper mental RFC.

First, the Magistrate Judge thoroughly outlined the ALJ's assessment of Plaintiff's RFC and, with respect to Plaintiff's physical impairments, the Magistrate Judge noted all of the references that the ALJ made to the evidence of record. (*See* ECF No. 24 at 7-9.) After outlining the ALJ's findings and the evidence of record that supports the ALJ's findings, the Magistrate Judge found substantial evidence to support the ALJ's finding that Plaintiff could engage in a range of light work with certain limitations. Likewise, with

respect to Plaintiff's mental impairments, the Magistrate Judge again outlined the ALJ's findings as to Plaintiff's mental RFC and the evidence relied upon by the ALJ to support those findings.  Ultimately, the Magistrate Judge found that substantial evidence supports the ALJ's finding that Plaintiff had "moderate" limitations in concentration, persistence, or pace, and that Plaintiff was limited to work equivalent with level two reasoning development.  The Magistrate Judge explained that, "the ALJ's decision, with its detailed discussion of the plaintiff's impairments, subjective complaints, and medical treatment," permits meaningful judicial review, and the Magistrate Judge found that substantial evidence supports the ALJ's assessment of Plaintiff's RFC.

Plaintiff filed pro se objections to the Magistrate Judge's Report asserting: "I DO NOT AGREE WITH THE COMMISSIONER TO DISMISS MY CASE HAVE TO MANY PROBLEMS GOING ON. I TRIED TO GET A LAWYER BUT THEY SAID I WAS TO FAR IN MY CASE."  (ECF No. 26 at 1.)  Plaintiff then proceeds to list her impairments and asserts that "NO MATTER HOW HARD I TRY TO DO THE WORK I CANT I TRIED AND GOT LAID OFF ONE JOB FOR IT CALL THEM THEY WILL TELL YOU that I CURSE." (*Id.*)  Plaintiff also attaches to her objections certain medical records from June 10, 2022. (ECF No. 26-1.)

After review, the Court first notes that Plaintiff's objections do not specifically respond to any portion of the Report or point to any factual or legal errors in the Magistrate Judge's analysis.  Instead, Plaintiff's objections merely rehash her alleged limitations and refer to records pertaining to her current treatment, which records are simply not relevant to the ALJ's decision that Plaintiff was not disabled from October 21, 2014, through the date of the ALJ's decision on January 7, 2020.

Ultimately, the Court finds it fair to say that Plaintiff's objections lack sufficient specificity to entitle Plaintiff to *de novo* review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Nevertheless, the Court also finds (giving Plaintiff the benefit of the doubt in light of her pro se status) that even after a *de novo* review, Plaintiff is not entitled to relief. As the Magistrate Judge properly explained, the ALJ's decision provides a thorough and detailed discussion of Plaintiff's RFC findings in light of the specific evidence of record. *See* Social Security Ruling 96-8p, 1996 WL 374184. Furthermore, as the Magistrate Judge outlined in the Report, it is clear from the ALJ's decision that the ALJ considered all of the relevant medical evidence, including medical source opinions, and other evidence of record, including Plaintiff's reports of her activities of daily living. Thus, for the same reasons set forth by the Magistrate Judge in the Report, the Court finds that the ALJ's decision most certainly permits meaningful judicial review. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Furthermore, after *de novo* review, the Court finds that the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence and is free from legal error.

## CONCLUSION

Based on the foregoing, it is ordered that Plaintiff's objections (ECF No. 26) are overruled; the Magistrate Judge's Report (ECF No. 24) is adopted in full and specifically incorporated herein; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 2, 2023
Charleston, South Carolina